IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-55,690-05 and WR-55,690-06






EX PARTE EDGAR ARIAS TAMAYO








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NOS. 9422714-E and F IN THE 209TH DISTRICT COURT

HARRIS COUNTY




 Price, J., delivered a statement dissenting in part and concurring in part.


DISSENTING AND CONCURRING STATEMENT
 I respectfully dissent to the Court's dismissal of the applicant's fourth subsequent
application for a writ of habeas corpus. (1) Article 11.071, § 5 of the Texas Code of Criminal
Procedure allows this Court to consider the merits of (and potentially grant relief pursuant
to) a subsequent habeas application that

 [C]ontains sufficient specific facts establishing that . . . the current claims and
issues have not been and could not have been presented previously in a timely
initial application or in a previously considered application filed under this
article or Article 11.07 because the factual or legal basis for the claim was
unavailable on the date the applicant filed the previous application[.] (2)

That section further clarifies:

 [A] factual basis of a claim is unavailable on or before a date described by
Subsection (a)(1) if the factual basis was not ascertainable through the exercise
of reasonable diligence on or before that date. (3)


The crux of the decision whether to dismiss this application, then, is whether the factual basis
for the applicant's claim was "ascertainable through the exercise of reasonable diligence"
before he filed any of his previous writ applications. (4)

 Appended to the application is a list of exhibits, which includes an affidavit from
Jesus Mendoza, a key witness at the applicant's capital murder trial. Within this affidavit
Mendoza avers that he was coached by the district attorney then overseeing the applicant's
prosecution, both as to how he should testify and to whom he should reveal that he had been
coached. Specifically, Mendoza alleges that the district attorney told him to de-emphasize
the extent of the applicant's drunkenness on the night of the murder--a fact that weighs
heavily on both the voluntariness of the applicant's confession as well as the propriety of a
death sentence in this case--and that, as far as the jury was concerned, "this meeting never
happened." These facts underpin the applicant's legal claim that his due process rights were
violated by the State's failure to disclose the existence and content of this coaching session
to either the applicant's trial counsel or the jury. (5)

 I will reserve judgment as to whether or not the applicant would or should obtain
relief on the merits of this legal claim. However, I do not believe this Court should
summarily dismiss his application for a writ of habeas corpus on the basis that "the facts
underlying this claim could . . . have been ascertained previously." (6) In the first place, the
application alleges that Mendoza's present revelations are, strictly speaking, "new"--that
none of the applicant's habeas lawyers had heretofore been aware of the fact (nor even the
allegation) that this witness had been coached by the prosecution.

 Second, after reviewing the application and the materials appended to it, I am satisfied
that it contains "sufficient specific facts" that, if true, would establish that the factual basis
for the applicant's claim was not "ascertainable through the exercise of reasonable
diligence." The application alleges that neither the trial judge, the prosecutor, Mendoza's
attorney, nor even Mendoza himself had ever given any of the applicant's habeas lawyers any
reason to suspect, much less investigate, whether the witness had ever been coached by the
district attorney. The application alleges that Mendoza moved to Mexico immediately
following his release from confinement on a related charge--and that prior counsel had
neither reason nor sufficient resources to locate or interview him. "It is only recently,"
according to the application, "that counsel was able to locate Mr. Mendoza, and send an
investigator to speak with him." The application also states that "[c]ounsel have tried
diligently but unsuccessfully to locate" Mendoza's attorney, who might have provided
previous counsel with information about the nature of Mendoza's testimony at trial.

 Given what prior habeas counsel were allegedly aware of at the time they filed the
applicant's respective previous applications for writs of habeas corpus, I think that expending
precious resources to locate a witness in another country--for a claim that they were given
no reason to investigate--would have gone beyond reasonably diligent investigation. It
stands to reason, then, that the factual basis of the applicant's current claim was not, at the
time of his previous applications, "ascertainable through the exercise of reasonable
diligence." Accordingly, I conclude that our consideration of this application is not barred
by Article 11.071, § 5. I would grant the applicant's motion for stay of execution and remand
the cause to the convicting court to undertake factual development of, and issue a
recommendation on, the applicant's claims. Because the Court today does not, I must
respectfully dissent.


FILED: JANUARY 21, 2014

DO NOT PUBLISH
1. That is, application number WR-55,690-05. I concur with the dismissal of application
number WR-55,690-06, for the reasons that are spelled out in the Court's order.
2. Tex. Code Crim. Proc. art. 11.071, § (5)(a)(1).
3. Tex. Code Crim. Proc. art. 11.071, § (5)(e).
4. See Ex parte Frazier, 206 S.W.3d 666, 669 (Tex. Crim. App. 2006) (Price, J., dissenting)
("If state habeas counsel did not know, and could not have been expected to know by the exercise
of reasonable diligence, of a factual basis for habeas corpus relief at the time of the initial writ, the
applicant should be entitled to pursue the claim in a subsequent writ[.]").
5. See, e.g., U.S. v. Bagley, 473 U.S. 667, 676 (1985) ("Impeachment evidence . . . falls within
the Brady rule. Such evidence is 'evidence favorable to an accused,' so that, if disclosed and used
effectively, it may make the difference between conviction and acquittal.") (citations omitted)
(quoting Brady v. Maryland, 373 U.S. 83, 87 (1967)).
6. Court's Order at 3.